Court Copy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



RECEIVED

FEB 2 4 2009 *aew*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RAYMOND E. King N54043

DOCKETED

FEB 2 6 2009

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

09CV1184
JUDGE ASPEN
MAGISTRATE JUDGE SCHENKIER

vs.

DR. (FIRST unknown) Chapman
DR. (FIRST unknown) Newbold
DR. (FIRST unknown) Fiennerman
DR. (FIRST unknown) Fattorri
DR. Jacqueline Mitchell
DR. (FIRST unknown) Safo

DR. Parth Ghosh
Robert Cuttaro
(ShaRiece (Lastname unknown))
nurse
DR. GhaRR (First name unknown)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

☒ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

____ OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.  **Plaintiff(s):**

A.  Name: RAYMOND E. King

B.  List all aliases: None

C.  Prisoner identification number: N54043

D.  Place of present confinement: Stateville Correctional Center

E.  Address: P.O. Box 112, Joliet, Il. 60434

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.  Defendant: DR. (FIRST unknown) Chapman

Title: Dental Director / individual Capacity

Place of Employment: Menard C.C.

B.  Defendant: DR. (FIRST unknown) NewBold

Title: Dentist / individual Capacity

Place of Employment: Menard C.C.

C.  Defendant: DR. (FIRST unknown) Fienneman

Title: Medical Director / individual Capacity

Place of Employment: Menard C.C.

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

Defendants:

Defendant
(D) DR. (First unknown) Fat Torri
   Title: Dentist / individual capacity
   Place of Employment: Stateville C.C.

(E) Defendant: DR. Jacqueline Mitchell
   Title: Dentist / individual capacity
   Place of Employment: Stateville C.C.

(F) Defendant: DR. Parth Ghosh
   Title: Medical director / individual capacity
   Place of Employment: Stateville C.C.

(G) Defendant: DR. (First unknown) Safo
   Title: Dental director
   Place of employment: Stateville C.C.

(H.) Defendant: Robert Cultano
   Title: med Tech / individual capacity
   Place of employment: Stateville C.C.

(I) Defendant: DR. (First unknown) Gharr
   Title: Dentist / individual capacity
   Place of employment: Stateville C.C.

Defendant(s):

(J) Defendant: ShaRiece (Last name unknown)
Title: Registered Nurse
Place of employment: STATEville c.c.

III.   List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.   Name of case and docket number: _RAymonD King v. Jacqueline witchell_

B.   Approximate date of filing lawsuit: _1990_

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

D.   List all defendants: _DR. Jacqueline mitchell_

_____

_____

_____

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _Nothern District of Illinois - Rockford, Ill_

F.   Name of judge to whom case was assigned: _UnKnown_

G.   Basic claim made: _Deliberate indifference medical needs_

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _was dismissed by plaintiff_

I.   Approximate date of disposition: _around April 1992_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

The plaintiff brings This action for deliberate indifference to his serious medical needs

1.) In September of 2004 upon phainTiff's arrival at Menard C.C. and after informing dental Dept. of his Temporomandibular joint condition or TMJ condition as iT is called, which phainTiff will use TMJ Throughout. PhainTiff stated the problems and pain he was having, plaintiff was seen by defendant DR. Newbold (FiRST name unknown) who is a dentist at Menard C.C. The plaintiff explained to The defendant DR. Newbold of his history with TMJ and the surgeries he has had in The past on his Right side. Phaintiff further informed The defendant That DR. Jack Waltz his Treating TMJ specialist on The outside, that plaintiff signs of slight deterioration and that it needs to be monitored. The defendant took a x-Ray at which time the defendant stated That Plaintiff Right TMJ area looks like it had a

4

Revised 9/2007

hair line crack in the bone. The plaintiff asked the defendant if he had plans on sending plaintiff to a TMJ specialist and if not does he treat TMJ. The defendant stated No to both questions.

2) In november of 2004 the plaintiff was again seen by the defendant DR. Newbold and defendant DR. Chapman both dentist. This was after the plaintiff made several request for treatment, due to the pain and other problems plaintiff was having. Both defendants stated that they doen't treat TMJ and that they would put plaintiff on Motrin. The plaintiff again asked if he would be sent to a TMJ specialist and was told no.

3.) On January 25, 2005 the plaintiff filed a grievance at Menard C.C., at which was handled by grievance officer Linda Carter on February 9, 2005. (See exhibit A) This grievance was later followed up by Tyrone Murray another grievance officer on February 18, 2005. The health care administrator Pam Gruber admitted to grievance officer that plaintiff has chronic TMJ condition. The grievance was denied to have plaintiff sent to a TMJ specialist.

5

STATement of Claim

4.) On January 25, 2005 the plaintiff again submitted a request to dental, due to the pain he was having and that his Right jaw joint or TMJ area was popping out of its socket. The plaintiff was later seen days later by both defendants DR. Newbold and DR. Chapman. DR. Chapman is the Dental Director at Menard C.C. Both Defendants were deliberate indifference to plaintiff dental needs. Plaintiff was told that they couldn't do anything for the plaintiff, but give him Motrin. The plaintiff asked if he would be sent to a TMJ specialist and was told no, despite the fact that Dept. of correction has a contract with a medical ~~████~~ unit that treats plaintiff's condition.

5.) The plaintiff was seen several more times in 2005 by both defendants DR. Newbold and DR. Chapman, who were deliberate indifference to plaintiff dental needs. On one occassion the defendant DR. Chapman stated he has never treated TMJ condition and wrote in plaintiff medical file that there was no course of treatment for plaintiff condition. This was despite the fact that the plaintiff had been treated by several TMJ specialist in the past.

Statement of Claims

6.) On February 22, 2006 the plaintiff was seen by defendant DR. A. Fiennerman the medical director at Menard C.C.. DR. Fiennerman stated that plaintiff condition is a dental problem and dental would have to deal with it. Plaintiff explained to defendant of the past surgeries he's had. The defendant asked if dental sought to get past records and plaintiff stated no. The defendant stated that if dental requested a TMJ specialist one will be provided, and that he needed to get plaintiff past medical records. The defendant was deliberate indifference to plaintiff dental needs.

7.) On April 4, 2006 the plaintiff filed a grievance requesting to see a TMJ specialist due to the worsening of his condition. On May 2, 2006 Warden Dan Halick signed off denying plaintiff grievance and on June 22, 2006 plaintiff appealed was denied by the Administrative Review Board. (See exhibit B) (exhibit C)

8.) In or around March 2007 the plaintiff was seen by defendants DR. Newbold and DR. Chapman and later by DR. Fiennerman. Due to the fact plaintiff jaws had started locking shut and he was unable

# Statement of Claims

to chew. At which time the defendants told plaintiff that he would be going to see a TMJ Specialist in Effingham, Illinois. The plaintiff was first sent to get a CT-Scan prior to going to see specialist.

9.) On May 1, 2007 the plaintiff was seen by an oral surgeon who treats TMJ conditions. DR. Jay Swanson the TMJ Specialist after reviewing the CT-Scan informed the plaintiff that he had bone fragments in and around his TMJ area. Also that his joint was too badly damaged and that plaintiff would need a joint transplant. DR. Swanson went on to tell plaintiff that the only place doing such surgery at this time was Loyola University in Chicago. That plaintiff desperately needed transplant. This was also conveyed to defendant DR. Chapman.

10.) The defendant DR. Chapman saw plaintiff on May 10, 2007 to explain to him, that he would need a Bone transplant and that he would be sent out to get a MRI done. On June, 2007 Plaintiff was sent to E. St. Louise to get a MRI.

Statement of Claim

11.) The plaintiff later learned from Assistant Warden of programs Gary Conder on 9-26-07 that he would be sent to the University of Illinois at Chicago (plaintiff will use UofI through out) and not Loyola University. This was despite the fact that Loyola is the only ones who are doing such surgery. (See Exhibit D)

12.) On September 19, 2007 the plaintiff was ~~transferred~~ Transferred to Stateville C.C. on a medical furlough to go to the UofI in reference to his TMJ condition. Such action was deliberate indifference to his dental needs.

13.) On September 26, 2007 the plaintiff was taken to the UofI oral Surgery clinic by Correctional officer Webb and C/O Larissa Williamson. Plaintiff was seen by two oral Surgeons one being the director of the oral Surgery clinic. The Plaintiff was told as well as the correctional officers, that the UofI didn't have a TMJ specialist on staff at the time to due bone transplant. The Surgeons Put in writing to send plaintiff to Loyola University immediately for bone transplant. At which time C/O Larissa Williamson called to Stateville C.C.

# Statement of Claim

and spoke with the defendant DR. Jacqueline Mitchell the dental director and acting health administrator. C/O Williamson informed the defendant of the problem. C/O Webb also spoke defendant DR. Mitchell and defendant DR. Chapman at Menard C.C. about plaintiff problem.

14.) On September 30, 2007 the plaintiff spoke with the defendant Shariece (Last name unknown) a Registered Nurse at Stateville C.C. The defendant was making rounds in F-House at Stateville C.C. Plaintiff informed the defendant about his TMJ condition and that he was up here at Stateville for Surgery. Plaintiff told defendant that he was in severe pain and his jaws were trying to lock shut. The defendant stated she wasn't a med Tech. The plaintiff asked the defendant if she was a nurse and he was told yes. Plaintiff asked if the defendant if she could get him over to see the dentist or notify DR. Mitchell the defendant of his problem, because she is very familiar with his condition and has treated plaintiff years ago at Pontiac C.C. The defendant was deliberate indifference to

Statement of Claim

plaintiff Dental needs by Stateing she is not doing sick call and walked off.

15) At or around the first week in october 2007 the plaintiff sent a request slip to the defendant DR. Mitchell about the pain he was enduring and his jaws trying to lock shut. The defendant DR. Mitchell was the first person to diagnose and start trying to treat plaintiff for his TMJ condition in 1988 at Pontiac C.C. where she was the dental Director. The defendant was the one whom first sent plaintiff to the U of I for treatment and Surgery in 1989 and 1990. also the defendant used muscle relaxers and heat treatment to keep plaintiff jaws from lock shut at Pontiac C.C.. The defendant never responded to plaintiff request despite being given complaint by R N Jenifer a asian Nurse. defendant was deliberate indifferenc to plaintiff serious Dental needs.

16) On October 19, 2007 at around 9:00 Am the plaintiff through his cellmate notified C/O MS. Bushbashn a female correctional officer working in F-house about plaintiff jaws locking shut and his face starting to swell and the tremendous pain plaintiff was in

Statement of Claim

This correctional officer notified the defendant
Robert Cittano a med tech. The defendant
was in F-house with a physician assistant M.S.
Williams doing sick call. The defendant came
to plaintiff cell and looked at plaintiff face
and told plaintiff he put him in for dental and
that he didn't have time to get plaintiff to
dental he's doing sick call and walked off.
The defendant was deliberate indifference to
plaintiff serious dental needs. C/o Buckhasm
talked to the cell house lieutenant who
told this C/o to contact medical unit. The
plaintiff was later escorted over to health by
this C/o at or was around 11 pm. Plaintiff
was seen by the physician assistant M.S. Williams
who examined plaintiff and then notified the
major at Stateville C.C. about getting plaintiff
to the U of I emergency room. This was also
conce by DR. Aguloeno. Plaintiff was taken
to U of I emergency room at 5 pm.

17.) On October 19, 2007 C/o Walls and C/o Baskerville
escorted plaintiff to the U of I emergency room.
while there x-rays were taken and plaintiff was
given pain medication. An oral surgeon made

# Statement of Claim

was consulted and a decision was made to get a MRI of plaintiff which was scheduled for October 22, 2007. Also for Stateville C.C. to contact all of P oral surgery clinic on october 22, 2007 as well. IT was asked by the ER Physician why plaintiff hadn't been sent to Loyola University for a bone transplant? Plaintiff nor the correctional officer could give an answer. Plaintiff wasn't sent to get MRI on October 22, 2007.

18.) The plaintiff continued up until october 19, 2007 to get help from defendants Nurse Sheniece, Med tech Robert Cuttano and DR. Mitchell. Because his jaws were trying to lock shut and face swelling and the tremendous pain he was in. The defendants were deleberate indifference to plaintiff dental needs by not trying to get help for plaintiff or treat plaintiff.

19.) An Inmate Derrick Jordan who was on writ from Menard C.C. who witnessed plaintiff plea for help wrote an affidovit. (See exhibit E)

# Statement of Claim

20.) The plaintiff filed a grievance on october 18, 2007 complaining about his condition continuing to worsen, as well of his jaws locking shut and of tremendous pain. Also being denied access to dental care for treatment by defendants Robert Cuttano and Nurse Shariece. Plaintiff grievance was ultimately consolidated with grievances from October 23, 2007, october 26, 2007 and November 7, 2007. The grievance of October 26, 2007 was deemed an emergency grievance by Warden McCann on November 26, 2007 Health Administrator Carol Vance took steps to contact Assistant Warden Wright to get plaintiff immediately brought to dental clinic on November 27, 2007 to see the Oral Surgeon on site at Stateville C.C. (see Exhibit F)

21.) On November 3, 2007 the plaintiff while in F-house at Stateville C.C. again spoke with the defendant Nurse Shariece about his jaws being locked shut and the tremendous pain he was in. Also the fact that the defendant Medtech Robert Cuttano refusal to allow plaintiff to see a doctor. The defendant Nurse Shariece was deliberate indifference to plaintiff dental needs by refusing help plaintiff

# Statement of Claim

21.) And walking off leaving him to suffer.

22.) On November 7, 2007 the plaintiff again spoke with the defendant Med Tech Robert Cattano about his jaws being locked shut and the massive pain he was in. Plaintiff asked the defendant if he could get him to dental for help. The defendant was deliberate indifference to plaintiff serious dental needs by refusing to get plaintiff to a Dentist or doctor and just giving him a pack of cold pills.

23.) On November 7, 2007 the plaintiff filed a grievance about his jaws being locked shut and the pain he was in. The refusal of defendants Nurse Sherry, Med Tech Robert Cattano to get him to dental. Also of the defendants DR. Mitchell and DR. Ghosh the medical director to see plaintiff after numerous request slips sent to both. Plaintiff also wrote a complaint to health administrator Carol Vance on November 7, 2007. Carol Vance responded to grievance officer on 12-4-2007 that plaintiff is being referred back to the U of I. (See exhibit G)
(exhibit H)

## Statement of Claims

24) On November 9, 2007 the plaintiff spoke with the defendant Robert Cutteno about seeing the physican assistant Ms. Williams while she and the defendant were in F-house running sick call. The plaintiff informed the def. Cutteno that he could often his mouth and was in trenedlous pain. The defendant was deliberate indifference to plaintiff serious medical and dental needs by refusing to allow plaintiff see the physican assistant stating plaintiff is not on call line.

25) On November 11, 2007 the plaintiff spoke with the defendant Nurse Shaniece while she was in F-house passing meds, about the trenedlous pain he was in and that he still could open his mouth. The defendant response was "I am not the med tech and I can't help you." despite the defendant being over the med tech. The defendant just walked off. The defendant was deliberate indifference to plaintiff medical and dental needs.

26) On November 12, 2007 the plaintiff again tried to seek help from the defendant Nurse Shaniece and again refused help. The defendant was deliberate indifference to plaintiff medical and dental needs

Statement of Claim

27.) On November 14, 2007 the plaintiff spoke with the defendant medtech Robert Cuttano about his gums Bleeding from his jaws being locked shit and the pain he was in. The defendant stated "What are they going to do with you." Plaintiff never received help. The defendant was deliberate indifference to plaintiff medical and dental needs.

28.) On November 16, 2007 the plaintiff gave a written medical request to C/o Ms. Maldinado in F-house to give to the defendant Robert Cuttano. The defendant was in F-house with the physican assistant Ms. Williams running sick call. The plaintiff watched this officer give request slip to the defendant and he watched defendant read request. The defendant then told this officer that plaintiff couldn't see the physican assistant because he wasn't on call line. The defendant was deliberate indifference to plaintiff medical & dental needs.

29.) On November 18, 2007 the plaintiff spoke with the defendant nurse Shariece while in F-house. Plaintiff conveyed his TMJ problem once again and that he had spoken with defendant Cuttano all week to no avail. The defendant Shariece response was

# Statement of Claim

"Since the med tech won't due his job what
do you expect me to do his job and mine?
Plaintiff stated in response "I need help from medical
personnel and dental personnel. The defendant
stated "I'm not doing nothing and walked off.
The defendant was deliberate indifference to plaintiff
dental and medical needs.

30.) On November 27, 2007 Health administrator Carol
Vance called assistant Warden Wright to get
plaintiff over to dental to see the oral surgeon
DR. Craig. (See exhibit F ) The plaintiff was
escorted over to dental and was seen by DR. Craig
the oral surgeon. DR. Craig stated he doesn't treat
TMJ and that defendant DR. Mitchell knows this.
Defendants DR. Mitchell, DR. Fatorni where standing
present in dental clinic. Plaintiff was the only patient
in dental clinic. DR. Craig stated in front of both
Defendants DR. Mitchell and DR. Fatorni that he was going
to write the Defendant DR. Ghosh a consultation
on plaintiff. Both DR. Mitchell and DR. Fatorni witness
the writing of consultation to DR. Ghosh which stated
"do not prescribe plaintiff Ibuprofen, Motrin, Robaxin,
Naproxen or Tylenol anymore because its none
effective for plaintiff. To get plaintiff to see

# Statement of Claim

a TMJ specialist immediately. The plaintiff was sent back to his cell house without any medication and jaws still locked shut. The defendant DR. Ghosh the medical director approved DR. Craig consultation.

30.) On November 30, 2007 plaintiff wrote a formal complaint to Carol Vance the health care administrator about the pain he was in and unable to open his mouth. Also that he was given nothing on his visit to dental on November 27, 2007. Plaintiff never got a response back. (See exhibit I)

32.) On November 30, 2007 plaintiff wrote a formal complaint to the defendant DR. Mitchell dental director about the massive pain he was in and his jaws locked shut. The plaintiff wrote the defendant because it was the defendant in 1988 while at Pontiac C.C. til 1990 who made the decision to send plaintiff to U of I for treatment. It was the defendant who took measures through muscle relaxers and heat packs which prevent plaintiff jaws from locking. The defendant never responded and was deliberate indifference to plaintiff serious dental needs. (See exhibit J)

# Statement of Claim

33.) On December 6, 2007 the plaintiff was brought over to the Dental clinic again by request of Carol Vance the health administrator. The Defendant DR. Mitchell and DR. Fatorri where present. The defendant DR. Fatorri finally decided to have plaintiff admitted in the infermary. Plaintiff was given Tylenol 3 for pain and Roboxin muscle relaxer to help try to unlock plaintiff jaws. The defendant DR. Fatorri spoke with the defendant DR. Ghosh about getting plaintiff to Loyola University for surgery. The defendant DR. Fatorri told plaintiff that defendant DR. Ghosh was going to send plaintiff to Loyola on 12-10-2007. This was after plaintiff had to suffer for 2½ months. Plaintiff was never sent to Loyola University.

34.) On December 10, 2007 plaintiff was sent to the U of I for an MRI. This test was ordered and scheduled for October 22, 2007 by the U of I emergency room physican on orders from the oral Surgeon. The defendant DR. Parth Ghosh refused to schedule a writ for plaintiff. Also defendant DR. Mitchell whom was the acting health administrator besides being the

# Statement of Claim

the Dental director at the time did nothing to get a writ for plaintiff. It is the responsibility of the health administrator to see to all writs are scheduled. Defendants DR. Ghosh and DR. Mitchell were deliberate indifference to plaintiff serious medical and dental needs. (See exhibit K)

35.) on December 17, 2007 the defendant DR. Ghosh the medical director, saw plaintiff while he was in the health Care unit infirmary. The defendant Dr. Ghosh stated "He had just faxed a referral to Loyola University to get plaintiff seen to get the Bone transplant. This was 2½ months after the UofI oral Surgeons requested that plaintiff be immediately sent because they were the only ones doing the Surgery. This request was made on September 26, 2007. No action was taken by defendants Dr. Mitchell nor DR. Ghosh upon the request. Later on that day of December 17, 2007 defendant Ghosh informed plaintiff that Loyola were booked and not accepting any Krew patients. The defendants Ghosh and Mitchell were deliberate indifference to plaintiff dental needs. (See exhibit L)

# Statement of Claim

36.) On December 27, 2007 the plaintiff forward his grievance to the Administrative Review Board for appeal. (See exhibit M) Plaintiff grievance for appeal was received by the ARB on January 3, 2008 and a decision denying grievance was made on January 8, 2008. The grievance was ~~denied~~ denied stating "inmate medical needs were being addressed. This was far from the truth.

37.) On January 16, 2008 the plaintiff was finally sent back to the U of I oral Surgery clinic. At which time Dr. James Edward an oral Surgeon who treats TMJ condition was on hand to offer plaintiff the service he desperately needed. DR. Edwards ordered a CT Scan so he could see the extent of damage to plaintiff TMJ area. The CT Scan was later done at or around the end part of January 2008.

38.) In or around the month of February 2008 the plaintiff was again sent to the U of I where the DR. Edwards told plaintiff he needed a joint replacement. DR. Edwards showed plaintiff at lease 10 bone fragments in and around his joint area.

# Statement of Claim

39.) On March 16, 2008 the plaintiff was admitted into the U of I hospital for surgery to have a complete right joint replaced. On March 19, 2008 Plaintiff had surgery and was given a complete right TMJ replacement top and bottom, and Released on March 29, 2008. DR. Edwards sent instruction for mandatory physical therapy. Again on March 25, 2008 while at the U of I to get statches removed, DR. Edward asked Plaintiff if he's receiving physical therapy by Physical Therapist. Plaintiff said no. DR. Edwards again sent instruction for mandatory Physical therapy by physical therapist and follow-up by Stateville C.C. dentist. Plaintiff never received physical therapy despite defendant DR. Ghosh, DR. Mitchell, and DR. Fattoni having knowledge of said orders. The defendants were deliberate indifference to Plaintiff serious Dental needs.

40.) Plaintiff was again seen in or around April 1, 2008 at U of I by DR. Edwards for follow up care. DR. Edwards again asked for physical therapy which defendants Ghosh, Fatoni, and Mitchell failed to arrange to be done.

# Statement of Claim

Again on april 17, 2008 while et U of I Plaintiff's given instruction for mandatory Physical therapy and for a thera Bite device be ordered. The thera bite would help Plaintiff with opening his mouth. The defendants Dr. Ghosh, DR. Mitchell and DR. Fattorri' were all aware of the instruction because DR. Ghosh mention it to plaintiff and defendants Fattorri and Mitchell were present in dental Dept. when Defendant DR, Fattorri made mention of it in front of defendant Mitchell. Defendant DR. Mitchell being dental Director made no effort to assist or get orders carried out which each defendant were deliberate indifference to plaintiff needs.

41.) April 24, 2008 director of Nursing Mary Purvin responded to a grievance plaintiff filed on January 16, 2008. This was in reference to plaintiff not receiving anything for pain and that his pain continued to lock shut. Grievance was sent to health care unit for response on February 15, 2008 Mary Purvin stated that plaintiff was seen weekly by defendant DR, Fattorri. Plaintiff had only been seen twice by defendant Fattorri'

# Statement of Claim

after having surgery in the month of April 2008.
No physical therapist had seen plaintiff and
defendants Ghosh, Mitchell and Fattorri made
no attempt to see to it one did. Mary Parwin
went on to say plaintiff resided in infirmary as
of April 24, 2008 and he was receiving Tylenol 3
and of pain meds. Plaintiff was discharged from
the infirmary on April 18, 2008 and wasn't receiving
anything for pain. (See exhibit N)

42.) On May 13, 2008 plaintiff filed a grievance because
of the denial/delays in getting physical therapy and
the thera bite device. (See exhibit O) On May
15, 2008 plaintiff grievance was deemed an emergency
grievance by Warden McCann. Defendant DR.
Mitchell told grievance officer plaintiff was seen
on May 15, 2008 and given tongue depressors for
therapy. Defendant didn't address the issue of
plaintiff seeing a physical therapy coordener nor
receiving the Thera Bite device and return to
UofI for treatment. Defendant DR. Mitchell was
deliberate indifference to plaintiff dental needs

# Statement of Claim

43.) Plaintiff was seen in the Dental Clinic by defendant DR. Gharr a dentist at Stateville C.C. Plaintiff conveyed to defendant about the pain he was enduring in his Right and left TMJ area, and his inability to open his mouth after surgery. Plaintiff asked defendant about his physical therapy and defendant stated Plaintiff didn't need it a Plaintiff asked about the thera bite and defendant didn't respond. Defendant did offer plaintiff anything for pain nor make any attempts to get plaintiff physical therapy. Defendant was deliberate indifference to plaintiff dental needs.

43.) June 19, 2008 the plaintiff while in F-cellhouse approached Assistant Warden Melvin Reed and Major Wright. Plaintiff explained to both of his TMJ condition and the surgery he had recently had and the pain he was experiencing. Plaintiff informed both of defendants DR. Mitchell, DR. Ghosh, Dr. Fatteri and DR. Gharr refusal to get plaintiff his physical therapy by the Physical therapist that works at Stateville C.C. and getting plaintiff his thera bite device and return appointment to U of I A/W Reed ordered Medtech Sander to get

# Statement of Claim

with defendant Ghosh and find out whats going on and he ordered LT. Franklin to get plaintiff over to health care for treatment.

44) Plaintiff was taken to health care of June 19, 2008 and seen by defendant DR. Ghosh about his TMJ condition. Defendant DR. Ghosh examined the plaintiff and noticed swelling of plaintiff Right TMJ area where he had surgery. Also that plaintiff could barely open his mouth. The defendant asked plaintiff what dental was doing for him and plaintiff stated nothing. DR. Ghosh sent a nurse to get defendant DR. Mitchell, instead defendant DR. Safo came. Defendant DR. Safo didn't examine plaintiff instead told DR. Ghosh plaintiff didn't need physical therapy because it wouldn't do any good and that there isn't any treatment for TMJ. Defendant DR. Mitchell walked back to the Emergency Room where both defendant Plaintiff was at and refused to intervene. Defendant Ghosh told both defendant its obvious something wrong is going on with plaintiff condition. The defendants where deliberate indifference to plaintiff medical/dental needs

# Statement of Claim

45) On July 9, 2008 the plaintiff was sent to the U of I for follow up care. He was seen by DR. Thomas Rogers an oral surgeon familiar with plaintiff case. DR. Rogers ordered physical therapy three times a week, that a thera Bite device be ordered for plaintiff and the use of heat packs daily. (See exhibit P) None of this was ~~carried~~ carried out by defendants.

46) Through out the month of August 2008 the Plaintiff tried to get physical therapy, heat packs, and the thera bite device. Plaintiff sent several request slip to Defendants DR. Mitchell, DR. Ghosh which were given to med tech Sanderson and Symore and Registered Nurse Shanelle. All of those staff stated that defendant DR. Mitchell said she would see plaintiff. Med tech Sanderson stated that defendant DR. Mitchell stated that she didn't appreciate plaintiff filing suit against her years ago and she'll get to him when she does. Inmate Oswald Gonz aly B4007 wrote a declaration witness to plaintiff efforts for help. (See exhibit Q)

# Statement of Claim

47.) September 9, 2008 plaintiff was seen at the U of I by DR. Edwards. DR. Edwards took it upon himself to get plaintiff the thera Bite device. DR. Edwards also expressed his anger that physical therapy wasn't being given to plaintiff and ordered it again.

48.) September 23, 2008 Plaintiff receive the thera Bite device while at the U of I from DR. Edwards. Upon returning to Stateville C.C. defendant DR. Ghosh stated that the thera bite device was too expensive to order. Defendant Ghosh was deliberate indifference to plaintiff dental needs.

49.) On September 29, 2008 the plaintiff sent a request slip to defendant DR. Mitchell about his jaws locking shut and being in severe pain. At around 11:00 Am plaintiff spoke with Lieutenant Garb about his jaws being locked. Lieutenant called for a Med tech. Med tech Joe Shehee came and escorted plaintiff to health care. Med tech Shehee stated that defendant DR. Mitchell stated plaintiff would be put on call line. Plaintiff was then seen by MS. Williams a Physician assistant

# Statement of Claim

who ordered a muscle relaxer called Baclofen to try and unlock plaintiff jaws. Defendant DR. Mitchell was deliberate indifference to plaintiff medical and dental needs.

50.) September 30, 2008 plaintiff was escorted to health care by C/O MRS. Jackson. Again none of the dentist would see plaintiff. Plaintiff was seen in the emergency room by DR. Zang who stated she didn't treat TMJ and it's a dental issue. DR. Zang gave plaintiff a pain shot and sent him back to cellhouse. Defendants DR. Mitchell, DR. Safo where deliberate indifference to plaintiff dental needs.

51.) October 3, 2008 plaintiff was seen in dental by defendant DR. Gharr because his jaws were locked shut. Defendant DR. Gharr stated she really didn't know what to do. Defendant DR. Mitchell was present and wouldn't offer DR. Gharr any assistant. Nothing was done for plaintiff. Defendants Gharr and Mitchell was deliberate indifference to plaintiff dental needs.

# Statement of Claim

52.) October 6, 2008 assistant warden Mark Hosey was over in C-house where plaintiff resides. Plaintiff spoke with A/W Hosey about the pain he was in and that his jaws were locking upon him and couldn't get any done. He also spoke with A/W Hosey about not getting his physical therapy for his TMJ for the past 7 months. A/W Hosey called defendant DR. Mitchell while plaintiff was present and ordered that she get on top of the problem immediately.

53.) October 8, 2008 plaintiff was told by the cellhouse sargeant that he was needed at Health Care for physical therapy. After seeing the physical therapist, the therapist stated he'll go see defendant DR. Mitchell about getting plaintiff a muscle relaxer. Defendant Mitchell stated she would check into it, but never did.

54) From October 16, 2008 through October 27, 2008 plaintiff sent request slip to defendant DR. Mitchell since she was the dental director about his jaws constantly locking shut. Plaintiff was told By a female med tech that defendant got

# Statement of Claim

the request and stated they knew about
plaintiff. Plaintiff wasn't seen. Defendant
Mitchell and Sayo were deliberate indifference
to plaintiff dental needs as well as DR. Ghan.

55) On October 23, 2008 plaintiff was seen at the
U of I for a follow-up. at which time a female
Oral Surgeon saw plaintiff and ordered a
muscle relaxer and vicodin for pain. Also
that plaintiff not be put back on I Buprofen.

56.) October 28, 2008 plaintiff was seen by
defendant DR. Ghosh. The defendant stated plaintiff
was not going to get vicodin just I Buprofen
despite what the oral surgeon said. The defendant
ordered Flexoril muscle relaxer despite
knowing plaintiff had an allergic reaction to
the drug. Defendant DR. Ghosh was deliberate
indifference to plaintiff dental and medical needs.

57) November 10, 2008 plaintiff was seen at the U of I
for follow-up care. He was seen by a male
oral Surgeon who was familiar with his care.
Valium muscle relaxer and a pain medication
was ordered for plaintiff.

# Statement of Claim

58.) Through out the month of november 2008 Plaintiff tried through request slips and lieutenant Garb to get muscle relaxer and pain meds from defendants Mitchell, Ghosh and Safo to no avail. None of these defendants would see plaintiff as well as defendant Gharr. All defendants Mitchell, Safo, Gharr, and Ghosh were deliberate indifference to plaintiff needs of Dental care.

59.) It took Ms. Williams a physician assistant to see plaintiff in the later part of December 2008 for plaintiff to get said muscle relaxer.

60.) January 6, 2009 plaintiff was finally seen in dental by DR. Craig an oral Surgeon. Present was defendant Safo the dental director and defendant DR. Mitchell former dental director. DR. Craig spoke loud enough to plaintiff so both defendant could hear what he was saying because defendant Mitchell would respond. DR. Craig told plaintiff he couldn't do nothing for him when his jaws lock because he comes only once a month. DR. Craig told plaintiff he needed

# Statement of Claim

to file a lawsuit or get a lawyer because staff in Dental wasn't doing nothing for him. Defendant Mitchell just looked at DR. Craig. DR. Craig tried to get defendant Ghosh to see plaintiff that day and defendant stated he would but didn't. DR. Craig stated to plaintiff and defendant Mitchell and Safo to use heat packs daily. Defendant Mitchell knew this because She used such treatment years ago on plaintiff. Defendant Safo and Mitchell were deliberate indifference to plaintiff Dental needs.

## legal Claim

61.) Plaintiff reallege and incorporate by reference Paragraphs 1-60.

62.) The defendants DR. Newbold, DR. Chapman, DR. Fenneman, DR. Fattoni, DR. Mitchell, DR. Safo, DR. Ghosh, Robert Cuttaro, Sheriece a nurse, DR. Gharr were deliberate indifference to plaintiff serious medical and Dental needs. Violating plaintiff rights to Eighth amendment of the United States Constitution to cruel and unusual punishment while acting in their individual capacity and under color of law.

V.    **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Award compensatory damages in the following amount: 1) $50,000 jointly and severally against each defendants for Physical and emotional injury resulting from their failure to provide adequate medical care to plaintiff & award punitive damages in the amount of $40,000 against each defendant & grant such other relief as it may appear that plaintiff is entitled

VI.    The plaintiff demands that the case be tried by a jury.    ☒ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___11___ day of __January__ 20 _09_

_Raymond King_
(Signature of plaintiff or plaintiffs)

_RAYmonD E. King_
(Print name)

_N54043_
(I.D. Number)
_Stateville C.C._
_P.O. Box 112 Joliet, Il. 60434_

(Address)

6

*Exhibit A*



**Illinois**
**Department of**
**Corrections**

Rod R. Blagojevich
*Governor*

**ROGER E. WALKER JR.**
*Director*

Menard Correctional Center / P.O. Box 711 / Menard, IL 62259-9998 / Telephone: (618) 826-5071 / TDD: (800) 526-0844

## M E M O R A N D U M

DATE:     2/18/05

TO:       **King**    **N54043**    **W-05-01**

FROM:     Tyone Murray
          Grievance Officer

SUBJECT:  Grievance Follow-Up    # 55-2-05

Inmate is grieving medical treatment. Inmate states the he is suffering from TMJ dysfunction in which the joint in his jaws are deteriorate. He has seen the doctor but nothing was done. His joint in hi face keeps popping out of socket and he is experiencing a lot of swelling with a great deal of pain. Inmate is requesting that he be referred to a specialist for his condition so it could be treated.

According to Pam Grubman, R. N. Health Care Unit Administrator Offender King had been seen by the dentist in September 2004 who ordered X-rays for further evaluation of this problem. On 11/19/04, Dr. Newbold had the report but the apparently the films hadn't been returned from the radiologist.

Offender King submitted a sick call request 1/25/05 regarding this issue and the request was forwarded to the Dental Unit by the CMT.

Offender King is now scheduled with the dentist to review x-rays and explain treatment care plan to the offender.

Recommendation-It is this writer's findings that IM's Dental concerns are being addressed by the facility's Dental care staff; therefore, I recommend grievance be denied. If inmate has any further Dental concerns he needs to submit a request slip to HCU to have them addressed. If, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his satisfaction, he may appeal in writing to the Director within 30 days after the date of the decision.

Tyone Murray, Grievance Officer

_____CONCUR

_____DO NOT CONCUR

Alan Uchtman, Warden

2/18/05
Date

*Exhibit A*

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: <u>February 9, 2005</u>          Date of Review: <u>February 9, 2009</u>          Grievance # (optional): <u>55-2-05</u>

Committed Person: <u>King, Raymond</u>                                          ID#: <u>N54043</u>

Nature of Grievance:  Inmate requesting to see the Doctor for treatment of TMJ.

Facts Reviewed:  All information submitted to the Grievance Officer by the inmate or institutional staff pertaining to the issue (s) being grieved has been thoroughly reviewed by this writer.  Reference is invited to inmate's written grievance for information concerning the nature of the issue being grieved.

Recommendation: I am requesting the Health Care Administrator, Pam Grubman provide the Grievance Officer with information pertinent to the issue (s) being grieved by the inmate.  Upon receipt of a response, the Grievance Officer will then consider all information and render a final disposition on the inmate's grievance.

**Linda Carter**
Print Grievance Officer's Name                         Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: <u>02|10|05</u>                    ☒ concur          ☐ I do not concur          ☐ Remand

Comments: _____

Alan Uchtman                                                          02 / 10 / 05
Chief Administrative Officer's Signature                                             Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____            _____            __ / __ / __
Committed Person's Signature                              ID#                        Date

ILLINOIS DEPARTMENT OF CORRECTIONS

*Exhibit A*

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 1-25-05 | Committed Person: (Please Print) RAymonD King | ID#: N54043 |
| Present Facility: MenARD C.C. | Facility where grievance issue occurred: MenARD C.C. |

#55-2-05

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☐ Staff Conduct ☐ Dietary ☒ Medical Treatment ☐ Other (specify): _____
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: ___/___/___   _____
    Date of Report   Facility where issued

Note:  Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: I have put in for sick call numerous times only to be seen and charged but have yet to see a doctor. I suffer what is called TMJ disfunction. My joint in my jaws are deteriating and I've had 3 surgery prior to coming to IDOC. Since arriving here on 8-25-04 I've seen the doctor which nothing was done for me. I was last seen in Sept of 04. Since then my condition continues to get worse. My joint in my face keeps poping out of its socket and I'm experiencing a tremendous →

Relief Requested: That I been referred to my condition could be treated.

RECEIVED
FEB 03 2005
GRIEVANCE OFFICE
MENARD CORRECTIONAL CENTER

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Raymond King        N54043  /  1-25-05
Committed Person's Signature        ID#        Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to
    Administrative Review Board, P.O. Box 19277.
    Springfield, IL 62794-9277.

Response: _____

_____

_____

_____

_____

_____      _____      ___/___/___
Print Counselor's Name      Counselor's Signature      Date of Response

---

**EMERGENCY REVIEW**

Date Received: 02/05/05   Is this determined to be of an emergency nature?   ☒ Yes; expedite emergency grievance
                                                                              ☐ No; an emergency is not substantiated.
                                                                                Committed person should submit this grievance
                                                                                in the normal manner.

Alan Uchtman        02/05/05
Chief Administrative Officer's Signature      Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

**DOC 0046, Page 2**

amount of swelling in my face followed
with a great deal of pain.

sea

*Ex Libit B*

ILLINOIS DEPARTMENT OF CORRECTIONS



**Illinois
Department of
Corrections**

**Rod R. Blagojevich**
*Governor*

**ROGER E. WALKER JR.**
*Director*

Menard Correctional Center / P.O. Box 711 / Menard, IL 62259-9998 / Telephone: (618) 826-5071 / TDD: (800) 526-0844

## M E M O R A N D U M

DATE:     4/26/06

TO:       King    N54043    E-2-11

FROM:     Tyone Murray
          Grievance Officer

SUBJECT:   Grievance Follow-Up    # 55-4-06

Inmate is grieving the lack of treatment from the dental department for his TMJ.

Per Gale Gladson, R.N. Director of Nurses Upon review of the offender's grievance dated 4-4-06, I offer the following information: N. Chapman, DDS reviewed the dental record, and found that a referral was made for specialty services These services require collegial review and approval. Dr. A. Feinerman saw offender on 2-22-06 and a release form was signed by the offender. The old records were requested on 3-8-06 but not received as of this date. These records are needed to evaluate what care and/or further treatment is required.

Recommendation-It is this writer's findings that IM's medical/dental concerns are being addressed by the facility's health care staff; therefore, I recommend grievance be denied. If inmate has any further Medical/Dental concerns he needs to submit a request slip to HCU to have them addressed. If, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his satisfaction, he may appeal in writing to the Director within 30 days after the date of the decision.

Tyone Murray, Grievance Officer

✓  CONCUR

_____ DO NOT CONCUR

Don Hulick sc

Don Hulick, Warden

4/27/06
Date

RECEIVED
MAY 02 2006
GRIEVANCE OFFICE
MENARD CORRECTIONAL CENTER

*Exhibit B*

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: April 7, 2006    Date of Review: April 12, 2006    Grievance # (optional): 55-4-06

Offender: Raymond King    ID#: N54043

Nature of Grievance: Dental/Medical treatment

**Facts Reviewed:** All information submitted to the Grievance Officer by the inmate or institutional staff pertaining to the issue (s) being grieved has been thoroughly reviewed by this writer. Reference is invited to inmate's written grievance for information concerning the nature of the issue being grieved.

**Recommendation:** I am requesting the Health Care Administrator provide the Grievance Officer with information pertinent to the issue (s) being grieved by the inmate. Upon receipt of a response, the Grievance Officer will then consider all information and render a final disposition on the inmate's grievance.

**Tyone Murray**
Print Grievance Officer's Name    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 4/12/06    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments:

Don Hulick    4/13/06
Chief Administrative Officer's Signature    Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Raymond King    N54043    5-05-06
Offender's Signature    ID#    Date

Printed on Recycled Paper

*Exhibit D*

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 4-4-06 | Committed Person: (Please Print) Raymond King | ID#: N54043 |
|---|---|---|
| Present Facility: Menard C.C. | Facility where grievance issue occurred: Menard C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] Other (specify): _____

55-4-06

- [ ] Disciplinary Report: ___/___/___
  Date of Report                    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance is in reference to the dental Dept. refusal to refer me to a TMJ specialist for my TMJ. Since 1988 I have had TMJ dysfunction in which I've been treated by a oral surgeon trained in treating TMJ. When I first started being treated at the U of I in Chicago TMJ center it was explained to me there that not all oral surgeon are qualified to treat my condition and that regular medical doctors don't treat my condition because its not their

Relief Requested: [RECEIVED APR 07 2006]

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Raymond King | N54043 | 4,4,06 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 4 / 4 / 06   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Suggest grievance be referred to the health care unit for appropriate handling & response.

| N. Schwarz | N. Schwarz | 4, 5, 06 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: ___/___/___   Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | | ___/___/___ Date |
|---|---|---|

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)    **DOC 0046, Page 2**

field of expertise. I've had surgery at the U of I twice and and one at the TMJ and facial pain center in Peoria at the last 18 years. Over these years I've learned a great deal about my condition to know when I'm being lied to. My family has spent thousands of dollars over these 18 years for treatment of my condition. I was told by Dr. Eddy in 1995 that my bone structure on my right side is deteriorating. My treatment was interrupted because I was sent to Federal prison and encountered the same problems I'm having now trying to get treatment for my condition. Dr. Newbold, Dr. Chapman and Dr. Henderson refuse to refer me to a TMJ specialist yet they tell me they don't treat TMJ. Dr. Chapman wrote in my medical file that there is no treatment for my condition. I know this to be false because I was being treat at one of only two centers in the state that specifically treat my condition. And Dr. Kasser one of the surgeon treating has a 85% success rate in treating TMJ. How could any one at Menard make any diagnose when they don't even know what is done to me in the past when they don't even have medical records of my condition, nor are they capable of treating my condition. It is my right side that was originally damage now my left side is causing me tremendous pain as well. Prior to coming to Menard in 2004 I was struck in the face on my right side and had my jaw lock up on me and I was taken to the emergency room in Peoria for treatment since then the pain and problems with my TMJ has increase tremendously. Dr. Newbold, Dr. Chapman, and Dr. Henderson has past the buck to Dr. Fennerman who is a medical doctor who not is even qualified to treat TMJ any was because its not his field of practice. Dr. Fennerman refuses to refer me as well. Eating has become very difficult and I can't even wear the bite splint any more because of the pain.

*Exhibit C*



**Illinois**
**Department of**
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

June 22, 2006

Raymond King
Register No. N54043
Menard Correctional Center

Dear Mr. King:

This is in response to your grievance received on May 11, 2006, regarding medical (treatment-TMJ), which was alleged to have occurred at Menard Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report (55-4-06) and subsequent recommendation dated April 12, 2006 and approval by the Chief Administrative Officer on April 27, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the grievance be denied as the offender's medical needs are being adddressed by the Menard Correctional Center Administration.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:   Warden Don Hulick, Menard Correctional Center
      Raymond King, Register No. N54043
      Chron. File

*Exhibit D*



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Menard Correctional Center /711 Kaskaskia St. / Menard, IL 62259 / Telephone: (618) 826-5071 / TDD: (900) 526-0844

## M E M O R A N D U M

DATE:     August 2, 2007

TO:       Raymond King, N54043
          E-2-20

FROM:     Gary Conder
          Assistant Warden of Programs

SUBJECT:  Dental Issue

Our records indicate you are currently being treated and on pain medication.  You were
seen by Dr. Chapman on 5/10/07, 5/30/07 and 7/12/07.  You had an MRI done on 6/1/07
and was prescribed medication and muscle relaxers.  You have any appoint at U of I in
Chicago next month.

Your patience in this matter is appreciated.  If you need immediate medical assistance you
can advise the medical personnel when they make rounds in the cell house.

Gary Conder
Assistant Warden of Programs

Cc:     Warden Hulick
        Master file
        Programs file

*Exhibit E*

STATE OF ILLINOIS )
COUNTY OF WILL } SS.

## DECLARATION

I, DERRICK JORDAN, being first duly sworn upon my attestation Depose and state that the following matters are both true and correct, made upon Personal knowledge and belief, and if called to testify as a wittness I am competent to testify thereto:

1) That I am a prisoner currently held at the Stateville Prison on a writ.

2) That while this prisoner was housed in Stateville's F-House cell 309 prisoner R. King was N-54043 was being housed in the same cell house in cell 311 on a medical writ.

3) That I am aware of a few occassions while I was being held in stateville's F-House 309 that King N-54043 complained of his jaw locking up on him.

4) one time in particular on october 19-2007 King jaw had locked up on him preventing him

1-of-2

*exhibit E*

from being able to open his mouth. The medical Technican "(med Tec)" that did the morning rounds was made aware of Kings condition by him and failed to have King taken to the hospital for treatment.

5) That the F-House 3-Gallery officer "MS. B." saw the condition of King and got him over to the hospital.

6). That when R. King returned to the cell (311) his jaw was still locked up and Remained so for a little over a month.

Pursuant to 28 U.S.C. sec. 1736, I declare under penalty of perjury that I am the named party in the above action, That I have read the above document and that the information contained therein is true and correct to the best of My Knowledge.

Derrick Jordan

May-11-2008

2-of-2

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

### Grievance Officer's Report

| | | |
|---|---|---|
| Date Received: November 28, 2007 | Date of Review: November 29, 2007 | Grievance # (optional): 1510 |
| Committed Person: Raymond King | | ID#: K54043 |

Nature of Grievance: Medical Tx.

Facts Reviewed: Grievant alleges that he was sent here (Stateville CC) from Menard CC for a medical furlough to have a bone transplant for his deteriorating TMJ joint in his jaw. Grievant states a female staff member in F-House was able to get him to see the doctor at Stateville CC and was sent out to UIC emergency room and was told he needed to go to Loyola and that they would try to help the situation as best they can until Stateville CC was able to get grievant to Loyola. Grievant state he cannot open his mouth and talk or chew and this has been unbearable.

Counselor Response.

DEEMED AN EMERGENCY

Upon further review from Grievance Office, finds that this office contacted the HCU Administrator, and she stated "I reviewed his chart. He does have a history of TMJ problems. The oral surgeon is here and will see him. I spoke with AA Warden Wright to make arrangements to have him brought over to the dental clinic.
This appears on he resolved.
This office does not possess the authority or the expertise to contradict the Medical Administration's recommendation/diagnosis.

Recommendation: Grievance is resolved.

| | |
|---|---|
| Ami Workman | C. Ami Workman |
| Print Grievance Officer's Name | Grievance Officer's Signature |

### (Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 12-5-07   ☒ I concur   ☐ I do not concur   ☐ Remand

Comments:

| | |
|---|---|
| W. Tr. Carr | 12-5-07 |
| Chief Administrative Officer's Signature | Date |

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

| | | |
|---|---|---|
| | | |
| Committed Person's Signature | ID# | Date |

Case: 1:09-cv-01143 Document #: 1 Filed: 02/24/09 Page 51 of 86 PageID #:6264

exhibit F

## OFFENDER'S GRIEVANCE

| Date: 10-26-07 | Offender: (Please Print) Raymond King | IDOC #: A54043 |
|---|---|---|

Present Facility: STATEVIlle C.C. | Facility where grievance issue occurred: STATEVIlle C.C.

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify):

- ☐ Disciplinary Report: _____ / _____ / _____
  Date of Report    Facility where issued 1510

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 9-19-07 I was sent here from Menard C.C. for a med fur lough to have a bone transplte for my chinorosity. The furlough was in my jaw. Prior to coming to the Stateville C.C. I was seen by a TMJ offical in 4 July 05, I named Jay Swanson. Mr Swanson inform the [illegible] (Dentist) at menard C.C. that I needed bone transplant and that he does't do them. He info [illegible] that the doctor that does the transplte I went into the [illegible] only a 0th I need the [illegible] immediately. Menard O.C. institution in.

**Relief Requested:** That I be sent to Cook a University and that immediately be sent for a MRI in 0th see a TMJ special list so that Dentist address this issue properly.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Offender's Signature _____ | A54043 | 10-26-07

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: _____ / _____ / _____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response _____
_____
_____
_____
_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: 11-26-07  RECEIVED

Is this determined to be of an emergency nature?
☒ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature _____ 11-26-07

Distribution: Master File; Offender | Page 1 | DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

me to UIC instead. On 9-26-07 after arriving at Stateville C.C. I was seen by an oral surgeon at UIC at which time he stated that UIC does not have a Doctor to do the TMJ Bone transplant to it that I needed to go to Loyola University immediately. He wrote this down to Stateville C.C. Since being at Stateville I have been told that I would not be sent to Loyola and for 30 days I was denied access to the dentist here at Stateville or any other doctor by a medical tech. My pain is my right jaw has crytically popped out of it's socket, on 10-19-07 my jaw locked closed making it impossible for me to open my mouth the med tech refused to allow me to see a Doctor. It took persistence & efforts by a female LPN in F House to get me seen by a Doctor. It wasn't until on 10-19-07 to UIC emergency room where the oral surgeon again stated I needed to be sent to Loyola. They stated that they would try to help Stateville & they wrote to Stateville C.C. got me to Loyola again. The Doctors scheduled a MRI exam to be done on 10-22-07, which Stateville never sent me to get done. I've been unable to open my mouth and my left side is starting to go bad as well. The dentist here at Stateville refuses to see me, and the med tech doesn't know what to do for me. The has become traumatized, I was sent to _____ dealing with I left the jaw set without receiving the treatment or surgery the desperately needs. I have filed two emergency grievances on 10-18-07 and 10-22-07 which has never been addressed in the two proper has a emergency grievance. It's caused leave me unable to open my mouth and I still bleed & there is very severe pain & in violation of my right to receive medication. This is a dental problem yet the proper to get involved. I've written Dr. J. Mitchell several times yet to get any response or attention. This is a deliberate indifference to my medical needs.

This institution as well as Menard C.C. was told to send me to Loyola University immediately because they had surgery I need. Yet no one has tried to contact Loyola Univ. to see if they will accept me for surgery. Since 9-19-07 I have been denied access to a doctor here at Stateville by the medical staff as my condition continues to worsen. The MRI and the CT scan I had on 5-1-07 and 6-1-07 revealed that not only was my right joint in my face deteriorating but my left side in a lot of stress as well. This past month both of my joints has been causing me a great deal of pain as well as my jaws have been locking up on me each day. I've relayed this to medical staff only to be told I won't be seeing a doctor. There isn't any pain medication being given to me as well. To this date there is no date set for me to go out to see a doctor outside of this institution and nothing is being done for me inside this institution as well. I'm just here sitting while my condition gets worse. There isn't any reason for me continuing to be here yet I'm being denied the right to return to institution in which I came from. This deliberate indifference to my medical needs is violate my rights to be free from unwanted delays in receiving medical treatment. No one here can honestly say that they are providing me with medical treatment. The only thing that can help me is surgery and the medical staff here knows that yet nothing is being done.

exhibit F03-l

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 10-18-07 | Committed Person: (Please Print) RAymoND KiNG | ID#: N54043 |
|---|---|---|
| Present Facility: STATeville c.c. | Facility where grievance issue occurred: STATeville c.c. | |

**NATURE OF GRIEVANCE:**

| | | | Received Grievance Office |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☐ Staff Conduct | ☐ Dietary | ☒ Medical Treatment | ☐ Other (specify) |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | NOV 0 5 2007 |

GRIEVANCE

11-27-07

Raymond King
R12207
Dated 11-27-07
EMERGENCY

I investigated this grievance.

I/M states that he is unable to open and close his jaw.

I reviewed his chart and he does indeed have a history of TMJ problems.

I spoke with the oral surgeon who will see him today.
I called AA Warden Wright to arrange for him to be brought to the dental clinic.

We will take care of his dental / medical needs.

Thank you.

C. A. Vance, RN, MSN, HCUA

C. Vance, HCUA

Chief Administrative Officer's Signature                                    Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff. 10/2001)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**   *Exhibit F*

| Date: 10-22-07 | Committed Person: (Please Print) Raymond King | ID#: N54043 |
|---|---|---|

Present Facility: STATEville C.C.   Facility where grievance issue occurred: STATEville C.C.

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] Other (specify) _____

- [ ] Disciplinary Report: ___/___/___
  Date of Report                     Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I bring this grievance due to the delays and deliberate indifference to my medical needs that has been placed upon me. I have TMJ in which my joint on the right side needs replacing and my left joint has started to suffer a great deal of stress as well. I am unable to eat now and to try to talk causes me increased pain from what I'm already suffering through. This institution was told by the U of I oral surgeon that they didn't have a surgeon to due my joint transplant in which I ne

Relief Requested: That I be sent to Loyola University so I can the surgery I need. That no more delays be imposed on me and care not be in the hands of a medtech or a nurse but a doctor.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Raymond King                N54043            10.22.07
Committed Person's Signature              ID#                Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 10,23,07   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Grievance Sent to HCU for Response

K. Whittington                          _____                10,23,07
Print Counselor's Name        Counselor's Signature        Date of Response

---

**EMERGENCY REVIEW**

Date Received: 10,23,07   Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance
[x] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

W. McCann                                        10,23,07
Chief Administrative Officer's Signature                          Date

Distribution: Master File; Committed Person                    Page 1                    DOC 0046 (Eff. 10/2001)
                                                                                          (Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
CC MITTED PERSON'S GRIEVANCE (Cont ed)

immediately and to contact Loyola University because
they have the only doctor to do my surgery,
yet this institution refuses to do so. This has forced
an unnecessary delay upon me which has led to my
jaw starting to pop out of the socket and on 10-19-07
my jaw locked shut. I was sent to the emergency
room at the U of I on 10-19-07 due to my jaw
locking up, at which time again I was told that
I need to be sent to Loyola University.
The doctor at the U of I scheduled an MRI done
on 10-22-07 and also stated that a appointment be
set for me to come there after the MRI is done,
yet I was not sent to get the MRI done again
forcing delays upon me receiving the treatment
I desperately need. Yet my care is being relied
upon by a med tech who refuses to even allow
me to see a doctor. Again on 10-19-07 when my
jaw locked shut. It took persistent efforts
by a female officer in F house to get me to medical,
at which time I was sent to the emergency room.
So seriousness as my condition should not be
left to a med tech or a nurse to determine if
I should see a doctor. Mainly when the problems
I face will get worse without the surgery I need.
The bone fragments in my face are shifting which
is increasing the pain. The motrin and tylenol
are non effective as recognized by the doctors at
the U of I on two occasions. My condition is a matter
for a dentist or oral surgeon, yet I have med's
who don't even treat TMJ. This isn't something I'm
new with because I've dealt with problem on the
outside so I'm well aware of who should treat my
condition and the available treatment available for me.
These delays are forcing me to suffer greatly and
I've been more than patient. My joint will soon
give out without the surgery, I know this because this
was explain to me by a doctor in office here which
I was sent to at Menard C.C. and at the U of I
when no one knows. I was told it could be soon
as a couple of months or as far as 10 months.
What is it going to take before someone takes this matter serious
enough not to dismiss my call for help off to the side?

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

*exhibit C*

| Date: 11-7-07 | Offender: (Please Print) RAymond King | ID#: N54043 |
|---|---|---|
| Present Facility: STATeville C.C. | Facility where grievance issue occurred: STATeville C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☒ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☐ Other (specify):

Received
Grievance Office

NOV 1 9 2007

☐ Disciplinary Report: ____/____/____
           Date of Report              Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

     **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     **Chief Administrative Officer,** only if EMERGENCY grievance.
     **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 9-19-07 I was sent here to go to the UofI to have a Bone Transplant on 9-26-07 I went to the UofI college of Dentistry to see an oral surgeon. The oral surgeon stated that the UofI doesn't have a TMJ surgeon on staff to treat my condition nor do the bone transplant. That Loyola University has the only surgeon to do my surgery. This was conveyed to Stateville C.C. in writting. I was told by a RN named Sha'niece that the Doctor here says I'm not going to Loyola Univ. and that I will be here for quite awhile.

**Relief Requested:** That I be sent to the UofI immediately and that I allowed to see someone about the medical. If this can't be obtained immediately then send me back to menard C.C.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Raymond King      N54043    11,07,07
   Offender's Signature              ID#          Date

**(Continue on reverse side if necessary)**

---

| | **Counselor's Response** (if applicable) | |
|---|---|---|
| Date Received: 11/16/07 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: Forwarded to HCU for response.

K. Hilton             _____      11/18/07
Print Counselor's Name            Counselor's Signature          Date of Response

---

| | **EMERGENCY REVIEW** | |
|---|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____                ____/____/____
Chief Administrative Officer's Signature         Date

and that I will be sent back to the U of I when a Date is set. Since arriving here I've complained to Med Tech Cullana about my jaw locking up on me and that I need to to see someone. He told me he would not be putting me in to see a doctor. I did this for 30 days up until 10-19-07. On 10-19-07 my jaw locked completely shut and I was engulfed in ~~the~~ a tremendous pain and swelling. Med Tech Cullana + Dr. Williams came to f house for sick call. A female C/o in the cellhouse informed the med tech of my condition, of which t i he come to my cell 311 and told me he will submit my name to be called by a Dentist. And that I was not going to see a doctor that Day. It took persistency efforts by this female C/o to get me seen at McKinaley by Dr. Williams later that ~~to~~ Day. Dr. Williams the Nurse sent to the U of I emergency room. This was the first time I was seen by a doctor in 30 days being at this institution after constant complaints. The doctors at U of I emergency room on request from an oral surgeon ordered and set a date of K-23-07 to have an MRI done and to have an appointment set at the oral surgery clinic set up as well. I was told by med tech Cullana that I will not be having an MRI done. Since 10-19-07 and prior the U of I ordered pain meds different than what I was receiving yet the institution refused to give me the meds I was given didn't help at all and the surgeon ~~could~~ recognize that they wouldn't. Since 10-19-07 I've been without anything for the pain which has reached unbearable levels and this no joke. My left jaw thoughfully went bad, now I have two bad joints and I'm experiencing alot of pressure in my head when I lie down. I've tried unsuccessfully since 10-22-07 to see a dentist because this is a dental problem. yet Med Tech Cullana refuses to allow me to see me. On 11-3-07 I ~~stopped~~ R.N. named Sha'rice and even complained to her about this med tech and even told her that I was in alot of pain. As of 11-07-07 I am without pain meds and I'm in a tremendous amount of pain. motrin, IBuprofen and Naprosen and other NSAID. Has cause me problems because of over the years, on the outside I developed an ulcer so the TMJ specialist went to other meds. There is no plans to send me out to the U of I before this month is out and since 9-25-07 I have not seen a TMJ specialist. I'm just here to

Suffer which is inhumane. I have yet to see a dentist since being at this institution.

ILLINOIS DEPARTMENT OF CORRECTIONS

**RESPONSE TO COMMITTED PERSON'S GRIEVANCE** *Exhibit B G*

| Grievance Officer's Report | |
|---|---|

Date Received: December 17, 2007    Date of Review:  December 18, 2007    | Grievance # 0853

Committed Person: Raymond King    Inmate #:  N54043

Nature of Grievance: Medical Tx

Facts Reviewed:  Grievant alleges having trouble with his jaw and teeth

Relief Requested:  be sent to Loyola for a dental issue

Grievance written: 11-5-07

Sent to HCU: 11-11-07

Medical response received: 12-17-07

Per HCU Administrator, C.A. Vance, RN, MSN:  (summarized) I reviewed his chart.  I spoke to the oral surgeon & physician here at Stateville.  He is being referred back to the U of I.

It appears that this grievance issue has been resolved.

This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

Recommendation:  No further action necessary at this time.

Tammy Garcia
  Print Grievance Officer's Name                     Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | |
|---|---|

Date Received: 12-20-07    ☒ I concur    ☐ I do not concur    ☐ Remand

Comments:

Chief Administrative Officer's Signature                     12-20-07
                                                                              Date

| Committed Person's Appeal To The Director | |
|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____          _____
Committed Person's Signature                    IO#                              Date

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

*Exhibit G*

| Date: 11-05-07 | Offender: (Please Print) RAYMOND Kins | ID#: N54043 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____ 0853

- [ ] Disciplinary Report: ____/____/____
  Date of Report                Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** That I be placed in the health care unit due to the fact that I'm in a great deal of pain and the fact that I'm unable to communicate with Staff due to the difficulty talking and I having problem calling. Due to these factors and the fact that with the rapid deteriation, isn't I have as the bone fragment in my face starting to shift my jaw is trying to lockup on me which would make very impossible to communicate with Staff to relate my problem to them.

**Relief Requested:** That I be transfered to the Health Care unit rather than be placed in F-house for my health Safety.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____ Offender's Signature       N54043       11, 5, 07
                                                    ID#            Date

**(Continue on reverse side if necessary)**

---

### Counselor's Response (if applicable)

| Date Received: 12/11/07 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** Grievance forwarded to HCU for response.

_____       _____       12/11/07
Print Counselor's Name       Counselor's Signature       Date of Response

---

### EMERGENCY REVIEW

| Date Received: 12/6/07 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

_____       12/6/07
Chief Administrative Officer's Signature       Date

---

Distribution: Master File; Offender       Page 1       DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

I'm unable to chew my food or nor am I
able to open my mouth, which makes my ability
to eat a very difficult problem. Over the past
week my ability to eat has steadily decreased due
to my ability to barely open my mouth. The pain
has gotten to unbearable levels to the point it's
causing a emotional, physical and mental problem for
me to handle. I'm here on a medical furlough
because of this condition awaiting a bone transplant.
The problem is finding a doctor whom the state
has a contract with to due the surgery. None has
been found as to date. My condition is rapidly
worsening. I'm prepared to go on a hunger strike if
nothing is done in one next week, by which time
I will be unable to communicate nor eat anyway.

GRIEVANCE

12-04-07

Raymond King
N54043
Dated 11-07-07

I investigated this grievance.
He wants to be sent to Loyola for a consultation regarding a dental issue.

I reviewed his chart.
I spoke with the oral surgeon here at Stateville
I spoke with the physician here at Stateville..

He is being referred back to the U of I.

Thank you.

C. A. Vance, RN, MSN, HCUA

To: Carol Vance
Health Care Administrator

ephabit H    11-7-07

From: RAymond King 1154043  F 311
Reason: Denial of Medical treatment For TMJ

On 9-17-07 I was sent here to go to
the UofT to have a bone transplant on my right
TMJ, Which is destroying my left TMJ and a lot of
things. Instead I was seen by an oral surgeon
of the Uof T, at which time it was stated that
they do not have an TMJ surgeon to treat my
condition nor do the Transplant. That the only
doctor to do such surgery was at Loyola University.
This was conveyed to the institution in writing.
I was told by an RN named Sha'Ree that
the doctors said that I'm not going to Loyola and
that I will be here for quite a while, and that
I will be sent back to the Uof L a doctors date
has been set.

After my visit to the UofT my
joint started popping out of its socket and locking open
I complained to Lieutenant Anttens when told
that I can't see a doctor because there is nothing
that can be done. I told that it's not true because
I had been getting treatment for this on the outside
and there was things that could be done to aid
me. This went on until 10-19-07 with me

Exhibit H

On 10-19-07 my jaws locked completely shut a'my face and neck began swell considerably. I became engulfed in tremendous pain. A female C/O in F-House told med-tech Cattano this when he and Dr. Williams came to F-House. This Med-Tech came up to my cell getting loud stating today is not the day to be complaining. He refused to get me to a doctor. It took persistent efforts from this female C/O to get me seen in health care by Dr. Williams, at which time she sent me to U of I emergency room. The doctors of the U of I emergency room on instruction from the oral surgeon to get a MRI which an appointment was made for 10-23-07 which was never taken care of. Pain meds were prescribed to me twice from the U of I because the doctors recognized that Motrin and other NSAID wouldn't give no more due to the severe damage to my joint. Yet I was never given the meds.

Since 10-19-07 I've informed Med-Tech Cattano that the pain has reached unbearable levels which has made impossible to handle. And that I'm experiencing pressure in my head when I lay down since my left joint went bad as a result of the unnecessary delays imposed on me in receiving treatment and surgery. Yet I was refused medical treatment from the dentist, which has yet to see. _____

exhibit H

The week of 11-1-07 several staff officer GO's and L.T. called medical trying to get me help yet they and I was met with refusal from your staff and I was not allowed to see the dentist or a doctor period.

I have have conveyed my complaints about this medical to the only R.N. that will stop at my cell and her name is Sha'Ron that this med tech refuses to let me see a doctor and on 11-02-07 med tech Cutten told me that I have three meds to choose from, and that being Motrin, Ibuprofen, & Naproxen like it or leave because I'm not seeing a doctor. He even went as far as to make sign a money voucher charging me for the visit. I have a history of ulcers even bleeding ulcers that's why the doctors on the outside stop giving NSAIDs a long time ago. I'm without anything to help me with this tremendous pain I'm in and Tylenol you should truly know it won't even come close to touching the pain.

This is truly inhumane to make me sit and suffer the way I'm being forced to suffer. Since 9-25-07 I have yet to see a specialist or an oral surgeon for my problem, which is uncalled for and the reason why I didn't see one this month a week I'm just parked here and had to suffer and 0 anter and worse due to it to.

Raymond Kingcannon

King

<u>Formal Complaint</u>                    11-30-07

TO: Carol Vance   Health Admin-
From: Raymond King   N54043   F-311
Reason: Medical Treatment TMJ

On 11-27-07 at 2:45pm, I was
called to the health care unit to see Dr. Craig
an oral surgeon and a female Dentist whose name
I don't know. Neither provided me with any
form of treatment, or anything for the massive
pain I've been in, nor could either of the
Dentist and oral surgeon could even tell me why
I'm not being sent outside to get treatment or
surgery for my TMJ. The only thing
Dr. Craig did was wrote a consultation to Dr.
Goush the medical director about not prescribing
me Ibprofen, Motrin, Naproxen, and Tylenol because
it's not effective. Basically the visit was just
a show, to try and make me think something is
being done when nothing is really being done
for me. It's one thing to tell me that I would be
sent out, and to put it in writing, but it's
another to actually schedule an appointment.
As of now none has been scheduled. I came
here with one bad joint only to have two
bad joints, because of the deliberate indifference
shown to my condition.

exhibit I

It is unconcionable to allow me to sit here and suffer the way I have been forced to. As time passes my condition worsen as well as the pain. I've been here since 9-19-07 and haven't seen a specialist since 9-26-07, and no attempts has been made to get me to one. Even though the U of I hospital wrote in writing on 10-19-07 to to send me to the oral surgery clinic. Dr. Craig doesn't even treat TMJ and never has. I know that if any one cared I could be sent out immediately. I refuse to sit here and accept this mistreatment anymore. If nothing is going to be done for me then send me back to Menard C.C.

I declare under penalty of perjury that all facts given in the complaint are true and correct.

11-30-07
Raymond King u54043

C.C.
attorney
Raymond King

_FORMAL COMPLAINT_          exhibit J

11-30-07

TO: Dental Dept.   Dental Director
FROM: Raymond King N54043 F-311
Reason: Medical Treatment TMJ

As of to date 11-30-07 nothing has been done for me in respect to my TMJ condition. I'm in a massive amount of pain without anything being done for it or given to me for it.

I feel that the visit on 11-27-07 was just a show to try and make me think something is being done. When in reality nothing at all is being done for me. You can't point to one thing dental has done for me other than see me one time in the last 70 days.

I know for a fact that the dentist here at Stateville C.C. could provide me with the proper pain med. to help me out, yet nothing is being done. I've been here since 9-19-07 and last seen a specialist in TMJ on 9-26-07. No attempts have been made to send me out to see one. Even though on 10-19-07 the oral surgeon at the U of I put in writing to schedule an appointment after an MRI is done on 10-22-07. The U of I had set up an appointment for 10-22-07, yet I was never sent out to get the MRI and no appointment was set to send me out to the TMJ specialist either.

*exhibit*

It's one thing to tell me that I would be sent out and to put it in writing, but it's another thing to actually schedule appointment and send me out.

As time go by my condition worsen and the pain steadily increases - I came here with one bad joint and the other under alot of stress. Now - I have two bad joints because no-one has taken my problem serious enough to warrant immediate attention. I know if the medical staff here really wanted to I could be sent out immediately, but my care is of little concern - I refuse to sit back and allow myself to be mistreated and I will be taking the necessary legal steps.

I declare under penalty of perjury that all facts given in the complaint are true and correct.

11-30-07

Raymond King    N54043

CC.
Attorney
RAymond King

GRIEVANCE

12-14-07

Raymond King
N54043
Dated: 11-30-07

I investigated this grievance.
I/M is requesting to be sent out for referral for his chronic TMJ problem.

I reviewed the chart.
I/M has chronic TMJ problems.
He is complaining of chronic pain and inability to eat a general diet.

He was sent to the U of I on 12-10-07 for a MRI.
Results of the MRI are pending.
I spoke with the Medical Director who is waiting for the report before making any further decisions,

I shall keep in contact with the doctor so we can check the MRI results and try to resolve this I/M problem.


Thank you..

C. A. Vance, RN, MSN, HCUA

GRIEVANCE
LETTER

01-11-08

Raymond King
N 54043
Dated: 11-07-07

I investigated this letter.
I spoke with the physician
I/M wants treatment for TMJ at Loyola University.
We are unable to secure an appointment at Loyola.

His TMJ is a chronic problem of many years standing.
He is being medically managed for pain.

I/M should start the process of accessing health care according to the procedure as
explained in the I/M handbook.


Thank you,

C. A. Vance, RN, MSN, HCUA

Case: 1:09-cv-01184 Document #: 1 Filed: 02/23/09 Page 72 of 86 PageID #:402

 

**Illinois
Department of
Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

January 8, 2008

Raymond King
Register No. N54043
Stateville Correctional Center

Dear Mr. King:

This is in response to your grievance received on January 7, 2008, regarding medical (deteriorating jaw/TMJ), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's report (1510) and subsequent recommendation dated November 29, 2007 and approval by the Chief Administrative Officer on December 5, 2007 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the grievance be denied as the offender's medical needs are being addressed by the Stateville Correctional Center Administration, in accordance with established policies and procedures.

FOR THE BOARD: _____

Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Roger E. Walker Jr.
Director

cc:  Warden McCann, Stateville Correctional Center
Raymond King, Register No. N54043

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

## Grievance Officer's Report

**Date Received:** February 25, 2008     **Date of Review:** May 2, 2008     **Grievance #** 0685

**Committed Person:** Raymond King          **Inmate #:** N54043

**Nature of Grievance: Medical Tx**

**Facts Reviewed:** Grievant alleges not receiving his pain medication

**Relief Requested:** meds and to be housed in the HCU

**Grievance written: 1-10-08**

**Sent to HCU: 2-15-08**

**Medical response received: 5-2-08**

Per DON, Mary Purvin: On 3-16-08 the offender King had a total joint replacement of his jaw. He is being seen weekly by Dr. Fattori. sha has ordered physical therapy for him and has given him exercises to do in his cell. Tylenol #3 every 12 hours, Motrin 800 mg eve 12 hours. He currently resides in our infirmary so the nurses pass his medications on a regular basis.

It appears that this grievance issue has been resolved.

This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

**Recommendation:** No further action necessary at this time.

__Tammy Garcia__
     Print Grievance Officer's Name               Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

## Chief Administrative Officer's Response

**Date Received:** 5-5-08     ☒ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

    Chief Administrative Officer's Signature                 5-5-08     Date

## Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of th Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

    Committed Person's Signature               ID#              Date



**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

**Illinois**
Department of
**Corrections**

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607
TDD: (800) 526-0844

# MEMORANDUM

**Date:**      April 24, 2008

**To:**         Grievance Office

**From:**    Mary Purvin,
                  DON

**Subject:**   Medical Grievance for King, Raymond N54043

 On 3/16/08 the offender King had a total joint replacement of his jaw.
He is being seen weekly by Dr. Fattori, she has ordered physical therapy
for him and has given him exercised to do in his call.

Tylenol # 3 every 12 hours
Motrin 800 mg every 12 hours

He currently resides in our infirmary so the nurses pass his medication
on a regular basis.

MP:jrw

Cc: File

Case 1:09-cv-01043 Document #: 1 Filed: 02/24/09 Page 75 of 86 PageID #:5258

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 1-10-08 | Committed Person: (Please Print) RAYMOND King | ID#: N57043 |
|---|---|---|

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [X] Medical Treatment
- [ ] Disability
- [ ] Other (specify) _____

- [ ] Disciplinary Report: ___/___/___
  Date of Report _____ Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** From 1-4-08 I informed nursing staff while I was in the HCU infirmary that my jaws were trying to lock up on me again which wouldn't leave me to no time able to use my mouth, at no time did any of the nursing staff I complained from 1-4-08 - til 1-08-08 with no results. On 1-7-08 RN Patten while working in the infirmary started harassing me because I asked her for my own meds, this continued til she was able to convince the Doctor to discharge me on 1-08-08, on 1-08-08 my face started to swell and my jaw locked shut on me at 1:00 pm

**Relief Requested:** That I expecially HCU be given effective medical not non effective meds, also that I be immediately let out to see a specialist for immediate care without any further delay

- [X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Raymond King | N57043 | 1,10,08 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

*(Continue on reverse side if necessary)*

---

### Counselor's Response (if applicable)

Date Received: 1 / 31 / 08  [ ] Send directly to Grievance Officer  [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: ___ t to HCU to answer ____

| E.B.Tkeiver | S. Pt Cm | 2 15 08 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: 1 , 16 , 08   Is this determined to be of an emergency nature?  [ ] Yes; expedite emergency grievance
[X] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

| W. McC____ | 1,16,08 |
|---|---|
| Chief Administrative Officer's Signature | Date |

**COMMITTED PERSON'S GRIEVANCE   (Continued)**

RN Keller was notified of this and did nothing to get me seen by a doctor instead I was discharged from the infirmary and sent back to F-House. Medical and Dental staff are fully aware of the fact that my TMJ's is/are deteriorating and that I need a bone transplant. I was sent here to get this done yet get has gotten any closer to achieving this. I'm suffering through tremendous pain and I'm unable to open my mouth. Dr. Craighthe instituted one surgeon has put in writing not to put me back on Motrin, Ibuprofen, Naproxen, Tylenol, Robaxin and other pain meds of this nature because one: I suffer from a listing of ulcers or bleeding caused that, two: he stated that their are no effect in time in I won't do me any good. 3: to give me something that won't help just to be giving me something, otherwise is writing on 11-27-07 and Dr. Ellwur signed off authorizing this reason needless to get they have tried to give these medications to me by every way of 1-10-08 my Tylenol which was provided me will say a little help was taken away. And I'm being forced to live here in F-House in solitary confinement which is inhuman and I believe will not help me to my medical needs. To put me in F-House will my lockdown which makes it impossible for me to communicate with staff and to allow me to suffer massively as I'm being forced to is a danger to my medical care and puts me in great danger. I've been here since 9-17-07 and anytime close to I'm still waiting to see a surgeon. My condition is continuing worsening and yet my case is being ignored. I had to fight from 10-1-07 to 12-6-07 just to get some assistance when my mouth lockdown that which caused me massive pain and suffering and I lost 17 lbs. now I'm back at this stage again. Doctors is notified on 1-2-08 that my mouth is locking trying to lockdown that I'm in a great deal of pain. That it has been unbearable yet nothing is done nor even been by anyone but placed back in F-House. This pain has to stage where it has been so unbearable that it I can't do nothing but cry out and every day also I can't sleep yet no one will do anything. These constant delays that are being placed on me as is in reason delay and a violation of my rights to be free from a deliberate indifference to my medical needs. As of 1-09-08 I'm on a hunger strike to see this is done to effectively help me.

Case 1:05-cv-01062 Document #: 1 Filed: 02/24/09 Page 77 of 86 PageID #:6300

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 1-15-08 | Offender: (Please Print) Raymond King | ID#: N54043 |
|---|---|---|

| Present Facility: Stateville C. C. | Facility where grievance issue occurred: Stateville C. C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____/____/____
Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** For the past week and a half I've had to endure my jaws locking up on me without any medical treatment. I suffer from TMJ and I'm on a med furlough because I desperately need a bone transplant on my right TMJ joint and work done on my left side as well. This is from Dr. J. Swanson and TMJ specialist who reported this in June of 2007. and the oral surgeon at the UOF I as well. Yet I haven't seen a specialist since 7-26-07. Since 1-5-08 I kept informing the RN'S in the infirmary that my jaws are trying to lock on me they informed no one of this. Again 1-6-08 the

**Relief Requested:** that I be immediately sent out to see a TMJ specialist with either delay and that I be placed back in HCU and given off pain meds to help comfort me til I get the surgery I desperately

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Raymond King | N54043 | 1, 15, 08 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: 1/31/08 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: Sent to HCU to answer

| Print Counselor's Name | Counselor's Signature | ____/____/____ Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature | ____/____/____ Date |
|---|---|

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

1-09-08 yet no-one lifted a finger to help prevent
it. I even informed the dentist on 1-08-08 in writing yet
nothing was done. On 1-09-08 at around 1:45 & 2:00 my jaws
locked shut and I informed the RN instead of helping me
I was discharged from the infirmary & my jaw stayed
locked til Sunday pm. As of 1-19-08 my jaws are trying
to lock up again, It is extremely painful to talk and communicate
this to anyone, also its difficult to eat. Someone when I'm
in a cell with a glass partition stopping me from getting out
which I could not do if it wasn't there. I can barely open
my mouth the pain is extremely out of control as well
as the muscle spasms yet there is nothing I can do but
suffer. Here I'm once again stuck by in F-House
without any pain meds and left to suffer. Medical staff
know fully well that I can't take regular meds such as
Motrin, I.B, Naprosen, Tylenol and Robopin because I suffer
from a history of bleeding ulcers. Also Dr. Craig this institutions
Oral Surgeon has stated to stop giving these as well because
they wont do me any good due to the serious of my condition.
Dr. Ghosh the medical director even approved this
recommendation. + these are the meds I'm being told
that I only have even though they know they wont even
help not to fraction of an inch. The past 72 hrs. I've only
sleep a total of 8 hrs. due to the massive pain and muscle
spasms. Nothing is being done to get me to see a specialist
only that Carol Vance and others keep stating he's going to the
U of I yet I've been here since 9-18-07 and only seen
a specialist only once on 9-26-07. To park me in F-House
again without any disregard for my health is a deliberate
indifference to my medical needs. This is a disaster in humane
treatment to me. The suffering I've been forced to endure
these past few months is starting to take a mental effect
on me. My condition continues to worsen as I sit here
writing to be sent to see. I'm in pain I can't get the
transplant I need. Dental, Dr. Ghosh and Carol Vance
all know this yet they have allow me to sit here
since September 2007 without getting me the help I need.

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 1-28-08 | Committed Person: (Please Print) Raymond King | ID#: N54043 |

| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. |

### NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 1-08-08 I have been denied medication for the muscle pain I'm experiencing and for the muscle spasms I'm having from my TMJ. I was discharged from the HCU infirmary on 1-07-08 despite the fact that I had informed the RN that my jaws had locked up. They stayed locked for a period of 3 days yet still I'm my mouth has no other issues. Dental was notified on or about 1-09-08 yet they refused to do anything. I've complained to several med techs

**Relief Requested:** That I'be provided with timely medical so that I can control the muscle spasms and that medical & Dental stop ignoring the problem and deal with it promptly.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Committed Person's Signature _[signature]_ | ID# N54043 | Date 1-28-08 |

**(Continue on reverse side if necessary)**

---

### Counselor's Response (if applicable)

| Date Received: 2/4/08 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

**Response:** Forwarded to HCU for response.

| Print Counselor's Name _[illegible]_ | Counselor's Signature _[signature]_ | Date of Response 2/4/08 |

---

### EMERGENCY REVIEW

| Date Received: 1/29/08 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance  [x] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature _W. McCann_ | Date 1/29/08 |

Case 1:08-cv-02312-CJC Document 1-1 Filed 02/24/09 Page 80 of 86 PageID #: 6282

... I House about the massive pain yet nothing is being done. On 1-16-08 I was seen by an oral surgeon at the U of I & Dr. Edwards and he stated that he reluctant to prescribed anything because Stateville isn't going to give me what he prescribes because they haven't in the past. Carol Vance the health Administrator stated that I'm being medically managed for pain. I like to know how that's possible being that I'm not receiving any pain meds or any other kind of treatment. So that's a flat out lie. I'm being flat out denied pain meds for this massive pain and for the muscle spasms I'm having despite the fact that medical staff knows that my condition is a very painful condition that requires medication and treatment. I need surgery yet that's being delayed as well. Dental refuses to even deal with the problem. I'm experiencing dizzyness and fluid discharge from my ear and that's from the low frequency patterns I hear in my ear. And according to Dr. Edwards at the U of I. The dizzyness are starting to really effect as well yet no one is doing anything about it. This is a deliberate indifference to my medical care and in violation of my constitutional rights to medical care.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

Exhibit O

| Grievance Officer's Report |
|---|

**Date Received:** May 15, 2008        **Date of Review:** May 15, 2008        **Grievance #** (optional): 0772

**Committed Person:** Raymond King                                **ID#:** N54043

**Nature of Grievance:** Medical tx

**Facts Reviewed:** Grievant alleges not having any physical therapy with the use of a device ordered by the Dr. at U of I. Also has not been seen by dental.

Counselor Response: DEEMED AN EMERGENCY

This Grievance Officer reviewed grievance and spoke to Dr. Mitchell in Dental, the grievant was seen on 5-14-08 and was given tonngue deppressors to aid in his therapy.

**Recommendation:** Grievance appears resolved

Tammy Garcia
_____                          _____
Print Grievance Officer's Name                    Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** 5-16-08        ☒ I concur        ☐ I do not concur        ☐ Remand

**Comments:**

_____                          5-16-08
Chief Administrative Officer's Signature                          Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____          _____
Committed Person's Signature                    ID#                              Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Exhibit O

| Date: 5-13-08 | Offender: (Please Print) RAymond King | ID#: N54043 |
|---|---|---|
| Present Facility: Stateville C. C. | Facility where grievance issue occurred: Stateville C. C. | |

**NATURE OF GRIEVANCE:**

| | | |
|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☐ Staff Conduct | ☐ Dietary | ☒ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (specify): __0772__ |

☐ Disciplinary Report: _____  _____
                            Date of Report            Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 3-16-08 I, RAymond E. King N54043 had a complete joint replacement on my Right side of my jaw (TMJ area). After which the doctor at the U of I stated mandatory physical therapy. As of 4-19-08 I had have not had any physical therapy. The surgeon also on 4-17-08 order a device to aid me in my physical therapy to help me to be able to open my mouth completely. He also stated to have me return in a couple of weeks to get such device. Far as the physical therapy, dental

Relief Requested: That I be immediately sent back to the U of I so I can get the device so I can open my mouth and that dental not be allowed to deny me further self care treatment

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_RAymond King_                          N54043    5, 13, 08
Offender's Signature                          ID#         Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: _____ / _____ / _____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____          _____          _____ / _____ / _____
Print Counselor's Name              Counselor's Signature            Date of Response

---

**EMERGENCY REVIEW**

Date Received: 5, 15, 08    Is this determined to be of an emergency nature?    ☒ Yes; expedite emergency grievance
                                                                                      ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_W. McC____ (PH)_                                                              5, 15, 08
Chief Administrative Officer's Signature                                              Date

has yet to call me and it has been twenty five days I've gone without any help in been able to open my jaw. My left joint which was the good one has started to popout of its joint now and I'm in a great deal of pain for as my mouth opening, due to the lack of after care its not even opening the way it should. The Dental Director Dr. Mitchell, Dr. Fatoni are all aware of my condition and has left me sitting in F-House without any care at all. Then Mary Parvis the director of nursing is trying to answer any request made by F-House LT. Edwards and LT. Franklin in regards to my health care needs regarding my post surgery care instead of letting Dental Dept. deal with the problem. This is a dental problem which she is in no position to even make any kind of decision on. Without the necessary after care I'm put in a position to be physically unable to open my mouth fully for the rest of my life as relayed to me by Dr. Edwards the Oral Surgeon at the U of I.

#070481155    exhibit P    6/28/05 M/B



ILLINOIS DEPARTMENT OF CORRECTIONS

**Medical Special Services Referral and Report**

STATEVILLE
(Facility)

Offender's Name: King Raymond    ID# N54043

Reason for Referral:
☐ Consult   ☐ Non-Formulary Medications   ☐ Medical Equipment
☐ Evaluation   ☐ Management
☐ Procedure/service (specify) _____
☐ Other (specify) _____    7/9/08

Urgent: ☐ Yes   ☐ No

Referred to: UIC Oral Surgery

Rationale for Referral: HP R TMJ replacement & implant
adjustment

Print Referring Practitioner's Name    Referring Practitioner's Signature    Date 5/2/8

**Report of Referral** (Use Reverse Side, if necessary)

Findings: 43 y/o M 3 months s/p R TMJ total joint replacement. Pt w/ complaint of pain to R side since sx and L sided popping area demonstrates deviation to R upon opening and tenderness to touch on L temporalis.

Assessment: 43 y/o M s/p R TMJ total joint replacement presenting with complaint to L TMJ likely due to muscle fatigue

Recommendations/Plans: Conservative tx. Pt should maintain soft diet 400mg Ibuprofen three times per day and use warm compresses to L + R joints. Pt should place dry heat on/20 min/off. Pt also needs physical therapy focusing on R & L TMJ exercises (two three times per week) Pt also requires a thera bite appliance for opening and one should be made available to him

Thomas Rogers    Thomas M. Rogers    7/9/08    Flu 2 monthly
Print Practitioner's Name    Practitioner's Signature    Date

Facility Medical Director Use Only
I have reviewed the recommendations and:

☐ Approve.

☐ Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision, DOC 0255.

Print Facility Medical Director's Name    Facility Medical Director's Signature    Date

Distribution: Offender's Medical File, and    Page 1 of 1    DOC 0254 (Eff 4/2007)
if denied/revised, Health Care Unit Administrator      (Replaces DC 7105)

STATE OF ILLINOIS     )

                        )

COUNTY OF WILL       )

## DECLARATION

I, Oswaldo Gonzales B-40078, BEING FIRST DULY SWORN UPON MY ATTESTATION DEPOSE AND STATE THAT THE FOLLOWING MATTERS ARE BOTH TRUE AND CORRECT, MADE UPON PERSONNAL KNOWLEDGE AND BELIEF, AND IF CALLED TO TESTIFY AS A WITNESS I AM COMPETENT TO TESTIFY THERETO:

1.) THAT I AM A PRISONER CURRENTLY HELD AT THE STATEVILLE C.C.

2.) THAT WHILE THIS PRISONER WAS HELD IN STATEVILLE C.C. F-HOU-SE CELL #459 WITH RAYMOND KING N-54043.I BECAME AWARE OF RAYMOND KINGS N-54043 MEDICAL CONDITION BEING IGNORED BY MEDICAL STAFF.

3.) FOR SEVERAL WEEKS DURING THE MONTH OF AUGUST 2008 RAYMOND KING MADE NUMEROUS ATTEMPTS THROUGH MED-TECH'S TO GET HIS PHYSICAL THERAPY AND OTHER TREATMENT FOR HIS JAW CONDITION TO NO AVAIL.

4.) I WITNESSED SEVERAL MED-TECH"S WHILE IN F-HOUSE TELL RAYMOND KING THAT DENTAL (DR.MITCHELL)WOULD SEE HIM YET HE WAS NEVER SEEN FOR WEEKS,EVEN AT THE TIME OF PUTTING TOGETHER THIS DECLARATION AUGUST 24,2008.

5.) RAYMOND KING REPEATEDLY CONVEYED TO MEDICAL TECH'S THAT HE WAS IN SEVERE PAIN YET NO ONE DONE ANYTHING TO GET HIM SEEN BY MEDICAL STAFF.

PURSUANT TO 28 U.S.C. SEC.1736, I DECLARE UNDER PENALTY OF PERJURY THAT I AM THE NAMED PARTY IN THE ABOVE ACTION.THAT I HAVE READ THE ABOVE DOCUMENT AND THAT THE INFORMATION CONTAINED THEREIN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Oswaldo Gonzales B-40078

NAME

DATE 8-24-08



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727 -3607 / TDD: (800) 526-0844

## M E M O R A N D U M

**DATE:**       August 14, 2008

**TO:**       ~~INMATE RAYMOND KING~~
          ~~N54043 (F-450)~~

**FROM:**       Mark Hosey  M Hosey / ov
          Acting Assistant Warden of Programs

**SUBJECT:**       **MEDICAL ISSUE**

I am in receipt of your letter wherein you state that you should be receiving mandatory physical therapy. Please be advised that after speaking to the Health Care Unit this office was informed that you received a device to bite down on for physical therapy as well as follow up visits with UIC and the onsite dental department are being scheduled.

I trust this has been responsive to your inquiry.


MH: dv

xc:    Master File N54043
      Chron
      File