IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND E. KING, | ) |
| Plaintiff, | ) Case No. 09 C 1184 |
| v. | ) Magistrate Judge Sidney I. Schenkier |
| DR. NATHAN CHAPMAN and DR. PARTHASARATHI GHOSH, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER[1]

On December 11 and 12, 2014, this Court held a final pretrial conference with attorneys for Mr. King and the remaining defendants, Drs. Chapman and Ghosh, in anticipation of the trial set for January 26, 2015. The Court ruled on all of the parties' motions *in limine* except for one (docs. ## 333, 334), for which the Court ordered briefing: defendants' motion to bar plaintiff from seeking punitive damages (doc. # 332). Defendants argue that they were not on notice that plaintiff intended to seek punitive damages, and thus, that any request for punitive damages at this point would be unfairly prejudicial (doc. # 332: Defs.' Mot. *in Limine* at 1). This motion is now fully briefed. For the reasons that follow, we deny defendants' motion *in limine*.

I.

Plaintiff requested punitive damages in the prayer for relief in his initial *pro se* complaint filed on February 24, 2009 (doc. # 1: Compl. at 6). In both his First Amended Complaint (doc. # 30, filed on October 6, 2009) and in his Second Amended Complaint, which has been the operative complaint since it was filed on April 16, 2010 (doc. # 78), plaintiff omitted from his

---

[1] On January 24, 2011, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the case was assigned to this Court for all proceedings, including the entry of final judgment (doc. # 137).

prayer for relief any specific reference to punitive damages. Nevertheless, in both his First and Second Amended complaints, Mr. King's statement of jurisdiction contained the following reference to punitive damages: "This action arises under 42 U.S.C. § 1983 of the Civil Rights Act of the United States for injunctive, compensatory, and punitive damages over which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367" (First Am. Compl. at ¶ 15; Second Am. Compl. at ¶ 13). In addition, Mr. King's prayer for relief in both his amended complaints contains a catch-all request for "other and additional relief this Court deemed just and equitable" (First. Am. Compl. at 29; Second Am. Compl. at 30).

## II.

Defendants argue that the Second Amended Complaint does not seek punitive damages; alternatively, they assert that if that pleading intends to seek punitive damages, it fails to effectively do so because plaintiff fails to plead punitive damages specifically as required by Federal Rule of Civil Procedure 9(g). Finally, defendants argue that allowing plaintiff to amend the pleading to add a punitive damages claim at this late date would be unfairly prejudicial. We do not find any of these arguments persuasive.

### A.

Plaintiff argues that all three iterations of his complaint put defendants "continuously" on notice of his claim for punitive damages (doc. # 335: Pl.'s Resp. to Defs.' Mot. *in Limine* at 1). Defendants, by contrast, contend that since the First Amended Complaint omitted any specific request for punitive damages from the prayer for relief, they have "not been placed on notice of plaintiff's intent to seek punitive damages" (Defs.' Mot. at 2). Defendants assert that by omitting any specific mention of punitive damages in the prayers for relief in the First and Second Amended Complaints, after including that request in the prayer for relief in the original

2

complaint, "Plaintiff's amended pleadings show a conscious decision to remove a request for punitive damages . . ." (doc. # 337: Defs.' Reply at 2).

We disagree. In light of Mr. King's original request for punitive damages and plaintiff's reiteration in the First and Second Amended Complaints that this is an action "for injunctive, compensatory, and punitive damages," we find it unlikely that defendants were surprised by plaintiff's request for punitive damages in the pre-trial order. While plaintiff injected an unfortunate element of ambiguity into his complaint when he shifted his request for punitive damages from the prayer for relief to the jurisdictional statement, defendants have had ample time to seek clarification of whether plaintiff would seek punitive damages at trial – if they genuinely had any doubt about the matter. "The belief that ostriches stick their heads in the sand to avoid seeing danger is a canard. Lawyers shouldn't do it either." *Bovee v. Broom*, 732 F.3d 743, 745 (7th Cir. 2013). Defendants cannot now claim that they had no prior notice that plaintiff seeks punitive damages in this case.

**B.**

Even if we assume that the amended pleadings do not directly state a request for punitive damages, that would not bar plaintiff from seeking punitive damages if they are supported by the evidence. Federal Rule of Civil Procedure 54(c) states that every final judgment other than a default judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Thus, generally, "[a] plaintiff is not required to itemize his damages claims in his complaint." *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995); *see also Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (pursuant to Rule 54(c), "juries can award damages not requested by the complaint").

3

Federal Rule of Civil Procedure 9(g) provides a limited exception to the rule that damages need not be pleaded in a complaint. It states that "[i]f an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g). Defendants contend that punitive damages are special damages, and thus, that any request for them must be specifically pled (Defs.' Mot. at 1-3). We find that this argument misconceives the nature of special damages.

Special damages are "damages that are unusual for the type of claim in question -- that are not the natural damages associated with such a claim." *Avitia*, 49 F.3d at 1226. In this case, plaintiff asserts substantive claims of "deliberate indifference" to his medical needs (*see, e.g.*, Second Am. Compl. at ¶¶ 116, 132). As the Seventh Circuit has explained: "Punitive damages are recoverable in § 1983 actions where the defendant had a reckless or callous disregard to the federally protected rights of others. This is the same standard as for § 1983 liability[.] Both require a determination that the defendants acted with deliberate indifference or reckless disregard." *Woodward v. Correctional Medical Svcs. Of Illinois, Inc.*, 368 F.3d 917, 930 (7th Cir. 2004) (internal citations and quotations omitted). Since the legal standard for proving liability and recovering punitive damages in a Section 1983 deliberate indifference case is the same, we do not find that punitive damages in this case constitute special damages under Rule 9(g); that is, we find that they are not "unusual for the type of claim in question." *Avitia*, 49 F.3d at 1226.

The Seventh Circuit "has not squarely addressed the question of whether punitive damages are considered special damages." *Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008). In *Soltys*, the Seventh Circuit held that the district court did not abuse its discretion in denying the plaintiff leave to amend her complaint at the "eleventh hour" to add a count for willful and wanton conduct and a prayer for punitive damages. *Id.* at 742-43. But, the appeals court added

4

that "given our stance that 'district courts should afford the prevailing party the relief to which it is entitled without regard to errors in the pleadings,' the fundamental legal error in th[at] case may have been the parties' and the district court's shared assumption that a prayer for punitive damages had to appear in the complaint in order to sustain an award of such damages." *Soltys*, 520 F.3d at 742 (quoting *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir. 1998)). However, because the plaintiff had failed to raise the issue, the appeals court had "no occasion to explore the interplay of Rule 54(c) and Rule 9(g) with respect to punitive damages." *Soltys*, 520 F.3d at 742.

In the absence of any controlling authority to the contrary, we agree with the decisions in this district holding that Rule 9(g) does not apply to prayers for punitive damages. *See Curtis v. Transcor America, LLC*, 877 F. Supp. 2d 578, 595-96 (N.D. Ill. 2012) (holding that under Rule 54(c), the plaintiff did not need to specifically plead a request for punitive damages, and permitting the plaintiff to seek punitive damages in state law wrongful death action where allegations of complaint went beyond mere negligence); *see also Marseilles Hydro Power, LLC. v. Marseilles Land & Water Co.*, No. 00 C 1164, 2003 WL 259142, at *7 (N.D. Ill. Feb. 4, 2003) (holding that the defendant was "flatly wrong to contend that the prayer for punitive damages in this case must be set forth with specificity"); *Maglione v. Cottrell, Inc.*, No. 00 C 2436, 2001 WL 946189, at *2 (N.D. Ill. Apr. 27, 2001); *Boykin v. Golden Rule Ins. Co.*, No. 87 C 10795, 1988 WL 107363, at *2 (N.D. Ill. Oct. 13, 1988).

For these reasons, we conclude that in this case, punitive damages are not special damages that plaintiff was required to plead specifically. Thus, even if defendants were correct in asserting that the Second Amended Complaint does not specifically request punitive damages, plaintiff would not be barred from seeking them at trial.

## C.

Finally, we consider defendants' claim of unfair prejudice. At the threshold, we note that this claim rests on the premise that plaintiff cannot pursue a claim of punitive damages without amending the complaint, and that such an amendment this late in the case would be unfairly prejudicial and thus should be denied under Federal Rule of Civil Procedure 15(a)(2) (Defs.' Reply at 4). That premise is flawed because, as we have explained, plaintiff's Second Amended Complaint is sufficient to sustain a prayer for punitive damages without any amendment. For this reason, cases that have denied leave to amend to add new allegations necessary to support a punitive damages claim are inapposite. *Knapp v. Whitaker*, 757 F.2d 827, 848-49 (7th Cir. 1985) (cited by defendants in their Reply at 5-6) (affirming denial of the plaintiff's belated motion to amend his complaint to add allegations of willful and malicious conduct needed to support his attempt to add a punitive damages claim); *see also Wilson v. Sundstrand Corp.*, No. 99 C 6944, 2003 WL 259139, at *5 (N.D. Ill. Feb. 3, 2003) (denying the plaintiffs' motion to amend their complaint to add new allegations of willfulness or recklessness to support a proposed punitive damages claim); *Repking v. McKennedy*, No. 12 C 2034, 2014 WL 1797686, at *2 (C.D. Ill. May 6, 2014) (denying the plaintiff's motion to amend his complaint to add a claim for punitive damages because discovery would need to be reopened on the new issues of whether the defendant's conduct was willful, outrageous or showed reckless indifference).

This also explains why defendants' claim of unfair prejudice falls flat. Defendants seek to align this case with *Knapp*, in which the trial court had denied a motion to amend the pleadings to add a punitive damages claim well after the filing of the final pretrial order. The appeals court affirmed, noting that the request for punitive damages sought to add an entirely new claim that the defendants had not previously asserted – that defendants had acted willfully

and maliciously. *Knapp*, 757 F.3d at 848-49. Based on the proposed addition of an entirely new claim, the defendants argued – and the appeals court agreed – that allowing the plaintiff to add a punitive damages claim would result in "undue harm and delay" because it "would have forced the parties to reopen discovery and obtain independent counsel to represent their individual interests on the issue of noninsured punitive damages." *Id.*

These concerns expressed by the *Knapp* court are not present here. *First*, in this case, plaintiff did not wait until "well after entry of the final pretrial order," *Knapp*, 757 F.2d at 849, to announce his intention to seek punitive damages. Plaintiff expressed that intent during the drafting of the final pretrial order and, as we have explained, long before then.

*Second*, the allegations and evidence relevant to punitive damages are no different than the evidence and allegations relevant to whether there was deliberate indifference to plaintiff's serious medical needs. *Woodward*, 368 F.3d at 930. Thus, defendants do not – and cannot – argue that they require a reopening of discovery to develop the evidence they need to defend against a claim for punitive damages.

*Third*, defendants do not suggest that, as in *Knapp*, plaintiff's pursuit of a punitive damages claim would require a recusal by current defense counsel or the entry of additional counsel. We accept that (as is common) defendants are not insured for any potential punitive damages award. But, that would be true even if plaintiff had pleaded that claim to defendants' satisfaction earlier in the case.

## CONCLUSION

For the foregoing reasons, we deny the defendants' motion *in limine* (doc. # 332).

ENTER:

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE:  December 30, 2014**